**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION**

| | | |
|---|---|---|
| iCASHE, INC., | § | |
| | § | |
| *Plaintiff,* | § | Civil Action No. 7:26-cv-00188-DC |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| GOOGLE LLC, | § | |
| | § | |
| *Defendant.* | § | |

**DEFENDANT GOOGLE LLC'S RULE 12(b)(6) MOTION
FOR PARTIAL DISMISSAL OF PLAINTIFF'S COMPLAINT**

**TABLE OF CONTENTS**

|  |  | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | BACKGROUND | 3 |
| | A. Allegations of Pre-suit Knowledge of the Asserted Patents | 3 |
| | B. Allegations of Specific Intent for Inducement | 4 |
| III. | LEGAL STANDARD | 5 |
| IV. | ARGUMENT | 6 |
| | A. iCashe Fails to Plausibly Plead Pre-Suit Knowledge of the Asserted Patents | 6 |
| | i. Alleged Discussions in 2010-2011 About a Different "Related" Patent Are Not a Plausible Basis for Knowledge of the '219 and '174 patents | 6 |
| | ii. The Citation of Different "Related" Patents In Google Patent Applications Is Not a Plausible Basis for Knowledge of the Asserted Patents | 8 |
| | B. iCashe Fails to Plausibly Plead Willful Blindness | 9 |
| | C. iCashe Fails to Plausibly Plead Pre-Suit Knowledge of Infringement | 11 |
| | D. iCashe Fails to Plausibly Plead Specific Intent to Induce Infringement | 11 |
| V. | CONCLUSION | 13 |

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Advanced Integrated Cir. Process LLC v. Taiwan Semiconductor Mfg. Co.*,
No. 2:25-CV-00324-JRG, 2026 WL 686956 (E.D. Tex. Mar. 10, 2026)................................8

*Affinity Labs of Texas, LLC v. Blackberry Ltd.*,
No. 13-CV-362, 2014 WL 12551207 (W.D. Tex. Apr. 30, 2014) ......................................5, 12

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)................................................................................................................5

*Atlas Glob. Techs., LLC v. Sercomm Corp.*,
638 F. Supp. 3d 721 (W.D. Tex. 2022)..................................................................................10

*CTD Networks, LLC v. Google, LLC*,
688 F. Supp. 3d 490 (W.D. Tex. 2023)...............................................................................6, 11

*Datanet LLC v. Dropbox Inc.*,
No. 6:22-cv-01142-OLG-DTG, 2023 WL 7118041 (W.D. Tex. Oct. 27, 2023) ......................5

*Dialect, LLC v. Bank of Am., N.A.*,
No. 2:24-CV-00207-JRG, 2024 WL 4980794 (E.D. Tex. Dec. 4, 2024)................................9

*Flypsi, Inc. v. Google LLC*,
No. 6:22-cv-00031-ADA, 2022 WL 3593053 (W.D. Tex. Aug. 22, 2022) .................... 7, 9-10

*Glob.-Tech Appliances, Inc. v. SEB S.A.*,
563 U.S. 754 (2011)..............................................................................................................10

*GreatGigz Sols., LLC v. Freelancer Ltd.*,
No. 6:20-CV-00738-ADA, 2022 WL 22860429 (W.D. Tex. July 1, 2022)...........................13

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
579 U.S. 93 (2016)..................................................................................................................5

*Hikma Pharms. USA Inc. v. Amarin Pharma, Inc.*,
146 S. Ct. 1391 (2026)...................................................................................................2, 5, 12

*Info-Hold, Inc. v. Muzak LLC*,
783 F.3d 1365 (Fed. Cir. 2015)...........................................................................................6, 10

*Kirsch Rsch. & Dev., LLC v. Tarco Specialty Prod., Inc.*,
No. 6:20-CV-00318-ADA, 2021 WL 4555802 (W.D. Tex. Oct. 4, 2021) ..................... *passim*

*Kolon Indus., Inc. v. Hyosung Advanced Materials Corp.*,
No. 24-CV-00415 JVS-JDE, 2024 WL 4800498 (C.D. Cal. Sep. 27, 2024) ....................... 2, 11

*MasterObjects, Inc. v. Amazon.com, Inc.*,
No. C 20-08103 WHA, 2021 WL 4685306 (N.D. Cal. Oct. 7, 2021) ................................. 9, 11

*McZeal v. Sprint Nextel Corp.*,
501 F.3d 1354 (Fed. Cir. 2007) ................................................................................................ 11

*Meetrix IP, LLC v. Cisco Sys., Inc.*,
No. 1-18-CV-309-LY, 2018 WL 8261315 (W.D. Tex. Nov. 30, 2018) ................................. 2, 9

*Monolithic Power Sys., Inc. v. Meraki Integrated Cir. (Shenzhen) Tech., Ltd.*,
No. 6:20-CV-008876-ADA, 2021 WL 3931910 (W.D. Tex. Sep. 1, 2021) ................... *passim*

*Neonode Smartphone LLC v. Samsung Elecs. Co.*,
No. 6:20-CV-00507-ADA, 2023 WL 5426743 (W.D. Tex. June 27, 2023) ............................. 8

*Network Sys. Techs., LLC v. Qualcomm Inc.*,
No. 1:22-cv-01331, 2023 WL 11833572 (W.D. Tex. July 21, 2023) .............................. 5-6, 12

*Princeton Digit. Image Corp. v. Ubisoft Ent. SA*,
No. 13-335-LPS-CJB, 2017 WL 6337188 (D. Del. Dec. 12, 2017) ......................................... 9

*Signode Indus. Grp. LLC v. Samuel, Son & Co.*,
No. 2:24-CV-00080-JRG, 2024 WL 3543408 (E.D. Tex. July 25, 2024) ............................... 10

*Touchstream Techs., Inc. v. Altice USA, Inc.*,
No. 2:23-CV-00059-JRG, 2024 WL 1117930 (E.D. Tex. Mar. 14, 2024) ............................... 8

*U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*,
No. 6:12-CV-366 MHS-JDL, 2013 WL 8482270 (E.D. Tex. Mar. 6, 2013) ........................... 12

*Vasudevan Software, Inc. v. TIBCO Software Inc.*,
No. C 11-06638 RS, 2012 WL 1831543 (N.D. Cal. May 18, 2012) ........................................ 8

**Docketed Cases**

Order Granting in Part & Denying in Part Defs.’ Mot. to Dismiss, *Ginko, LLC v. Apple Inc.*,
No. 1:24-cv-1279-DAE (W.D. Tex. Sep. 26, 2025), Dkt. No. 56 ......................................... 10

## I.   INTRODUCTION

Defendant Google LLC ("Google") moves to dismiss Plaintiff iCashe, Inc.'s ("iCashe") claims for (1) pre-suit willful infringement of the Asserted Patents[1] and the related request for enhanced damages under 35 U.S.C. § 284, and (2) pre-suit induced infringement of the Asserted Patents under 35 U.S.C. § 271(b).  To plead pre-suit inducement and willful infringement, iCashe must plausibly allege that Google had actual knowledge of, or was willfully blind to, both (i) the existence *and* (ii) infringement of the Asserted Patents.  iCashe's Complaint (Dkt. 1, "Compl.") fails to meet that standard for two reasons.

*First,* iCashe's allegations of pre-suit knowledge all stem from *different, related*[2] patents or applications—*not the Asserted Patents*.  But "general knowledge of a patent portfolio without more is insufficient even to plausibly allege knowledge of a particular asserted patent." *Kirsch Rsch. & Dev., LLC v. Tarco Specialty Prod., Inc.*, No. 6:20-CV-00318-ADA, 2021 WL 4555802, at *2 (W.D. Tex. Oct. 4, 2021).  For two of the five Asserted Patents (the '219 and '174 patents), iCashe relies on alleged "discussions" in 2010-2011 with representatives of iCashe's predecessor, Tyfone.  Compl. ¶¶ 33, 42.  But iCashe does not (and cannot) allege it disclosed the patents at issue to Google in 2010-2011 because they had not even been filed, let alone issued.  Instead, iCashe relies on a different, related patent, and unnamed Tyfone products with unspecified patent markings.  That is insufficient, "especially in the circumstances here, where the [complaint] is vague as to the nature and content of the alleged conversation." *Kirsch*, 2021 WL 4555802, at *2.

Additionally, for all five Asserted Patents, iCashe similarly alleges that *different, related* patents "have been cited during prosecution of [Google's] patents." Compl. ¶¶ 34–35, 43–44.  But

---

[1] U.S. Patent Nos. 9,122,965 ("'965 patent"), 9,483,722 ("'722 patent"), 11,694,053 ("'053 patent"), 8,403,219 ("'219 patent"), and 11,270,174 ("'174 patent").
[2] All emphasis added and internal citations and quotations omitted unless otherwise noted.

an "allegation of actual notice stemming from [Google's] prosecution activity is *too attenuated* to plausibly infer that [Google] had pre-suit knowledge of the Asserted Patents," including when the cited patent "shares a specification with the Asserted Patents." *Meetrix IP, LLC v. Cisco Sys., Inc.*, No. 1-18-CV-309-LY, 2018 WL 8261315, at \*2 (W.D. Tex. Nov. 30, 2018).

*Second,* iCashe never alleges, let alone plausibly, that Google had knowledge of infringement. Knowledge of the patents and knowledge of infringement "are **distinct elements**, and without more factual allegations supporting knowledge of infringement, the pleading standard is not met." *Monolithic Power Sys., Inc. v. Meraki Integrated Cir. (Shenzhen) Tech., Ltd.*, No. 6:20-CV-008876-ADA, 2021 WL 3931910, at \*5 (W.D. Tex. Sep. 1, 2021). And citing a related patent during prosecution "does **not** establish that [Google] knew which of its products infringed." *Kolon Indus., Inc. v. Hyosung Advanced Materials Corp.*, No. 24-CV-00415 JVS-JDE, 2024 WL 4800498, at \*3 (C.D. Cal. Sep. 27, 2024).

Independently, iCashe's inducement claim also fails because there is no plausible allegation Google had a specific intent to encourage infringement of any Asserted Patent. iCashe merely alleges that Google provides "instruction and direction to end users" about how to use the "Accused Instrumentalities." Compl. ¶¶ 40, 58, 74, 90, 106, 122. But as the Supreme Court recently reiterated in the context of this pleading standard, "[m]ost fundamentally, 'inducement must involve the taking of affirmative'" steps, so "[a]ll in all, inducement cannot be based only on 'vague' language 'combined with speculations about how [others] may act." *Hikma Pharms. USA Inc. v. Amarin Pharma, Inc.*, 146 S. Ct. 1391, 1400-01 (2026).

The Court should dismiss iCashe's claims for (1) pre-suit willful infringement and enhanced damages and (2) pre-suit induced infringement.

2

## II.   BACKGROUND

iCashe filed this action on May 8, 2026, alleging direct, indirect, and willful infringement of the five Asserted Patents. Compl. ¶¶ 1, 3. iCashe accuses Google's mobile and wearable devices that include NFC- and/or TVMF-based payment functionality. *Id.* ¶¶ 28–32.

### A.   Allegations of Pre-suit Knowledge of the Asserted Patents

For the '219 and '174 patents only, iCashe alleges that:

> Defendant had actual knowledge of, or was willfully blind to, the '219 and '174 patent prior to the filing of this lawsuit. Defendant has had actual knowledge of Dr. Narendra, iCashe's predecessor, Tyfone, and the patented innovations in mobile contactless payment hardware and systems, developed by Tyfone and now owned by iCashe, since at least 2010. Between ***2010 and 2011***, Tyfone representatives discussed Tyfone's technology with Defendant and disclosed to Defendant that Tyfone owned patents and pending patent applications related to its technology. In materials shared with Defendant, Tyfone representatives identified patent numbers, including U.S. Patent No. 7,581,678, which is ***related to—and shares a disclosure with—the '219 patent and the '174 patent***. During the same time period, Tyfone provided marked Tyfone products to Defendant. At a minimum, Defendant willfully blinded itself to the '219 patents [sic] and the '174 patent in view of the communications and information exchanged between the parties.

*Id.* ¶¶ 33, 42.

iCashe does *not* allege that it provided Google notice of either the '219 patent, which was filed in October 2012, published in February 2013, and issued in March 2013, or the '174 patent, which was filed in September 2020, published in January 2021, and issued in March 2022. Compl. Exs. 4, 5. In addition, while iCashe alleges it provided "marked Tyfone products," it does not specify the products. In fact, the Complaint indicates there are no products iCashe or its licensees have marked, or could mark, with any of the Asserted Patents. *Id.* ¶¶ 53, 85, 101, 117 ("Neither iCashe nor any authorized licensee made, offered for sale, or sold within the United States any article embodying the [Asserted Patent] claims following issuance of the [Asserted Patents].")

iCashe also alleges that:

3

> ***Patents related to the '219 and '174 patents*** have been cited during the prosecution of Defendant's patents. For example, during prosecution of U.S. Patent Application No. 18/079,511, which issued as Patent No. 11,972,411 and is titled "Systems, Methods, and Computer Program Products for Providing a Contactless Protocol," Defendant identified the following U.S. patents and publications, ***each of which is related to—and shares a specification with—the '219 patent and the '174 patent***: [list omitted]. The same patents and publications were cited by Defendant during prosecution of several other of Defendant's patent applications, including without limitation during prosecution of the applications that resulted in U.S. Patent Nos.: [list omitted].

Compl. ¶¶ 34, 43. iCashe makes substantially identical allegations as the sole basis for Google's alleged pre-suit knowledge of the remaining three Asserted Patents (the '965, '722, and '053 patents). *Id.* ¶¶ 35, 44.[3]

### B.    Allegations of Specific Intent for Inducement

iCashe alleges that Google induces infringement by: selling the Accused Instrumentalities[4] to third-party customers, such as retailers, who then sell to end users; "actively promot[ing]" the accused NFC- and/or TVMF-based payment functionality "for the U.S. market"; pursuing and obtaining U.S. and state regulatory approvals (e.g., FCC approvals) for the Accused Instrumentalities; and "providing instruction and direction to end users . . . about how to use the Accused Instrumentalities." Compl. ¶¶ 37–41. iCashe pleads several of these allegations only "on information and belief." *Id.* ¶¶ 38, 40. iCashe repeats its inducement allegations nearly verbatim for each of the five Asserted Patents. *Id.* ¶¶ 54–59, 70–75, 86–91, 102–107, 118–123.

---

[3] Google's investigation to date indicates that Google first became aware of the '219, '965, and '722 patents in September 2017, when a third-party broker identified the three patents among 31 patents in Tyfone's patent portfolio that the broker was selling. The third-party broker and the patent owner (Tyfone) agreed such disclosure would not constitute notice or knowledge for purposes of willful or indirect infringement. Thus, it would be improper for iCashe to rely on those communications in response to this Motion or otherwise. Google first became aware of the '174 and '053 patents in October 2025, when iCashe served a third-party subpoena in a case involving Samsung Electronics. As discussed below, iCashe's failure to plausibly allege knowledge of infringement and specific intent to induce infringement are dispositive as of those dates, too.

[4] "Accused Instrumentalities" is used here as defined in iCashe's Complaint (at ¶¶ 28–29).

## III.    LEGAL STANDARD

"[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A]lthough all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead specific facts, not mere conclusory allegations." *Network Sys.*, 2023 WL 11833572, at *2.

Willful infringement concerns the "subjective willfulness of a patent infringer, intentional or knowing." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 105 (2016). Therefore, to state a claim for willful infringement, iCashe must plausibly allege that Google "(1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew or should have known, that its conduct amounted to infringement of the patent." *Datanet LLC v. Dropbox Inc.*, No. 6:22-cv-01142-OLG-DTG, 2023 WL 7118041, at *3 (W.D. Tex. Oct. 27, 2023).

Inducement requires plausibly alleging that Google "(1) had actual knowledge of the patent; (2) knowingly induced a third-party to infringe the patent; and (3) had specific intent to induce the patent infringement." *Affinity Labs of Texas, LLC v. Blackberry Ltd.*, No. 13-CV-362, 2014 WL 12551207, at *2 (W.D. Tex. Apr. 30, 2014). Specific intent requires "evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities." *Monolithic Power Sys.*, 2021 WL 3931910, at *5. "To avoid 'trenching on regular commerce,' 'ordinary acts incident to product distribution' are insufficient to support liability.'" *Hikma*, 146 S. Ct. 1391, 1400. Accordingly, iCashe must plausibly allege not just that Google "induced its customers to use its own devices," but "***how*** [Google] induced its customers to use the devices in a manner that would violate the [] patent." *Affinity Labs*, 2014 WL 12551207, at *6.

5

For both willfulness and inducement, knowledge of a patent and knowledge of infringement are **"distinct elements,"** and the former is insufficient to imply the latter. *Monolithic Power Sys.*, 2021 WL 3931910, at \*5; *CTD Networks, LLC v. Google, LLC*, 688 F. Supp. 3d 490, 504 (W.D. Tex. 2023) (dismissing willful infringement allegation, and finding that "Plaintiff 'alleges no facts that indicate how or why Google would have known that its conduct amounted to infringement. Nor does it allege that any specific conduct was identified to Google'").

"Willful blindness is *a high standard*, requiring that the alleged inducer (1) subjectively believe that there is a high probability that a fact exists and (2) take deliberate actions to avoid learning of that fact." *Info-Hold, Inc. v. Muzak LLC*, 783 F.3d 1365, 1373 (Fed. Cir. 2015) (citing *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766, 769 (2011)). "A plaintiff who relies on willful blindness to plead knowledge must identify in its complaint *affirmative actions* taken by the defendant to avoid gaining actual knowledge of the patent to escape dismissal." *Kirsch*, 2021 WL 4555802, at \*2.

## IV.    ARGUMENT

### A.    iCashe Fails to Plausibly Plead Pre-Suit Knowledge of the Asserted Patents

#### i.    Alleged Discussions in 2010-2011 About a Different "Related" Patent Are Not a Plausible Basis for Knowledge of the '219 and '174 patents

iCashe's first allegation of pre-suit knowledge for the '219 and '174 patents rests on purported discussions in 2010 and 2011 involving "Tyfone representatives." Compl. ¶¶ 33, 42. iCashe neither says who the Tyfone representatives or Google attendees were nor specifies any particular "patented innovations in mobile contactless payment hardware and systems" Tyfone allegedly disclosed. That vagueness is insufficient. *Cf. Network Sys.*, 2023 WL 11833572, at \*6 ("[A]llegations of pre-suit knowledge based solely on a defendant's involvement in the same market fail to pass muster, even on a motion to dismiss."). Moreover, iCashe does not identify

6

any "marked Tyfone products" or patent markings on those unnamed products, and admits neither it nor its licensees have made or sold "any article embodying" any of the Asserted Patents. *See Supra.* at 3   In any event, iCashe identifies only one specific patent (U.S. Patent No. 7,581,678) that the unnamed Tyfone representatives allegedly identified during the discussions, and pleads that this establishes knowledge because it is "related to—and shares a disclosure with" the '219 and '174 patents. Compl. ¶¶ 33, 42. Courts in this District and others, however, have repeatedly rejected similar allegations of pre-suit knowledge.

For example, in *Flypsi, Inc. v. Google LLC*, the plaintiff "relie[d] on facts surrounding a meeting between [a partner at Google Ventures] and . . . [plaintiff's] founder and named inventor." No. 6:22-cv-00031-ADA, 2022 WL 3593053, at *4 (W.D. Tex. Aug. 22, 2022). That meeting occurred before all but one of the asserted patents was pending. *Id.* at *5. The court dismissed the pre-suit knowledge allegations, finding "[n]o facts are alleged that the discussions specifically centered on the Patents-in-Suit, nor that Google chose not to monitor the patent filings." *Id.* at *4. Here, the allegations are even less plausible: *none* of the patents at issue were pending in 2010-2011, and iCashe never alleges that Google "chose not to monitor" later patent filings.

Similarly, in *Kirsch Research*, the complaint alleged that "Mr. Strait, on behalf of [plaintiff] Kirsch, and Defendant's owner (an attorney) have had at least one discussion. During this discussion, Mr. Strait informed Defendant's owner that Kirsch's products were patented." 2021 WL 4555802, at *2. But "[e]ven if the Court inferred from this statement that Defendant knew of the existence of Kirsch's patent portfolio, [m]ultiple district courts, post-*Halo*, have held that . . . general knowledge of a patent portfolio without more . . . is [*insufficient*] even to plausibly allege knowledge of a particular asserted patent. This Court agrees, especially in the

7

circumstances here, where the FAC is vague as to the nature and content of the alleged conversation between Mr. Strait and Defendant's owner." *Id.* The same applies here: at most, iCashe alleges that any "discussion" concerned a different "related" patent prior to filing of the '219 and '174 patents.

This District has found no pre-suit knowledge even where the defendant took a license to the asserted patent's underlying application. *See Neonode Smartphone LLC v. Samsung Elecs. Co.*, No. 6:20-CV-00507-ADA, 2023 WL 5426743, at *3–4 (W.D. Tex. June 27, 2023) (finding allegations "fail[] to show that [defendant] had the requisite knowledge of [the asserted patent's] existence"); *see also Advanced Integrated Cir. Process LLC v. Taiwan Semiconductor Mfg. Co.*, No. 2:25-CV-00324-JRG, 2026 WL 686956 (E.D. Tex. Mar. 10, 2026) ("[K]nowledge of an application within the same family as an asserted patent, *but not the asserted patent itself*, is *insufficient* to establish knowledge of that asserted patent."); *Touchstream Techs., Inc. v. Altice USA, Inc.*, No. 2:23-CV-00059-JRG, 2024 WL 1117930, at *2 (E.D. Tex. Mar. 14, 2024) ("Plaintiff's allegations that it notified [Defendant] of an earlier filed, pending application—even if that application is *part of the same patent family* as the Asserted Patents—*cannot support knowledge* of the Asserted Patents."); *Vasudevan Software, Inc. v. TIBCO Software Inc.*, No. C 11-06638 RS, 2012 WL 1831543, at *3 (N.D. Cal. May 18, 2012) ("The requisite knowledge of the patent allegedly infringed simply cannot be inferred from mere knowledge of other patents, even if somewhat similar.").

### ii. The Citation of Different "Related" Patents In Google Patent Applications Is Not a Plausible Basis for Knowledge of the Asserted Patents

iCashe's remaining theory of pre-suit knowledge of all Asserted Patents depends on the citation of different "related" patents in certain Google patent applications. Compl. ¶¶ 34–35, 43–44. This fails for the same reason as above and courts in this District and others have rejected this

8

very theory.  For example, in *Meetrix IP, LLC v. Cisco Sys., Inc.*, the complaint alleged knowledge because "the parent application of the Asserted Patents was cited in the course of prosecuting five Cisco-owned patents."  2018 WL 8261315, at \*2.  But the court found that an "allegation of actual notice stemming from Cisco's prosecution activity is too attenuated to plausibly infer that Cisco had pre-suit knowledge of the Asserted Patents."  *Id.*  "Although the patent application cited in Cisco's patents shares a specification with the Asserted Patents, it is a patent's claims that put potential infringers on notice, not the specification."  *Id.* (citing cases).  Those principles control here.  *See also Flypsi*, 2022 WL 3593053, at \*5 ("[K]nowledge of patent applications generally without more is insufficient to satisfy the knowledge requirement.");  *MasterObjects, Inc. v. Amazon.com, Inc.*, No. C 20-08103 WHA, 2021 WL 4685306, at \*5 (N.D. Cal. Oct. 7, 2021) ("[E]ven substantive references to patents in the alleged infringer's patent prosecutions, without more, fail to sufficiently allege knowledge of *infringement*.") (emphasis original);  *Princeton Digit. Image Corp. v. Ubisoft Ent. SA*, No. 13-335-LPS-CJB, 2017 WL 6337188, at \*1 (D. Del. Dec. 12, 2017) (no pre-suit knowledge of asserted patent where defendant's patent cited another patent that in turn referenced the asserted patent);  *Dialect, LLC v. Bank of Am., N.A.*, No. 2:24-CV-00207-JRG, 2024 WL 4980794, at \*3 (E.D. Tex. Dec. 4, 2024) (similarly holding pre-suit letter insufficient to allege pre-suit knowledge in part because plaintiff "did not identify the asserted patents . . . and did not claim or allege that Defendant was infringing.").

### B.   iCashe Fails to Plausibly Plead Willful Blindness

iCashe makes the alternative and conclusory allegation that Google "willfully blinded itself to the '219 patents [sic] and the '174 patent in view of the communications and information exchanged between the parties," and "was willfully blind to" each of the Asserted Patents based on citations in Google patents.  Compl. ¶¶ 33, 35, 42, 44.  That is insufficient.

9

"Willful blindness is a high standard." *Info-Hold, Inc.*, 783 F.3d at 1373. iCashe fails to "identify in its complaint **affirmative actions** taken by [Google] **to avoid gaining actual knowledge** of the patent to escape dismissal." *Kirsch*, 2021 WL 4555802, at *2. Further, "[m]erely pleading that [Google] was aware of a patent portfolio without more, as [iCashe] has done here, is not enough" to plausibly plead the subjective belief element of willful blindness. *Atlas Glob. Techs., LLC v. Sercomm Corp.*, 638 F. Supp. 3d 721, 729 (W.D. Tex. 2022). iCashe does not plausibly allege that Google subjectively believed there was a high probability that the Asserted Patents existed, or that Google took any deliberate action to avoid learning of them. *Glob.-Tech Appliances*, 563 U.S. at 769.

Courts in this District have dismissed such allegations. For example, in *Flypsi*, the complaint "[did] not address any policies or actions by Google" to plausibly allege "deliberate actions to avoid learning of the issuance of the Patents-in-Suit." 2022 WL 3593053, at *4. But, as here, the plaintiff asked the court to "draw an inference" that was "a stretch too far," as "[n]o facts are alleged that the discussions specifically centered on the Patents-in-Suit, nor that Google chose not to monitor the patent filings." *Id.*; *see also* Order Granting in Part & Denying in Part Defs.' Mot. to Dismiss at 11, *Ginko, LLC v. Apple Inc.*, No. 1:24-cv-1279-DAE (W.D. Tex. Sep. 26, 2025), Dkt. No. 56 ("[A]llegations of pre-suit knowledge based on the size of the defendant's company, general monitoring activities, familiarity with patent enforcement, and general due diligence patent searches fall short of what is required even at the motion to dismiss stage."); *Signode Indus. Grp. LLC v. Samuel, Son & Co.*, No. 2:24-CV-00080-JRG, 2024 WL 3543408, at *4 (E.D. Tex. July 25, 2024) (failure to plausibly allege defendants took deliberate actions to avoid learning of the asserted patents was dispositive as to willful blindness). iCashe's "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice

10

to prevent a motion to dismiss." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007).

### C.      iCashe Fails to Plausibly Plead Pre-Suit Knowledge of Infringement

iCashe's pre-suit willfulness and inducement claims independently fail because iCashe does not plausibly allege pre-suit knowledge of ***infringement***, which is a ***"distinct element."*** *Monolithic Power Sys.*, 2021 WL 3931910, at \*5. "***Knowledge of infringement does not arise from knowledge of the asserted patent as a matter of course***; it must be the subject of discrete, albeit related, allegations." *MasterObjects*, 2021 WL 4685306, at \*4.

iCashe pleads no facts to support any inference that Google knew that the Accused Instrumentalities infringe any claim of the Asserted Patents.  At most, as to just two of the patents, iCashe alleges the Tyfone discussions in 2010-2011 concerned a different patent, Tyfone's "technology" generally, and unspecified Tyfone products with unidentified marking.  Moreover, the citation of patents in prosecution does not plausibly support any inference about whether— much less how—the Accused Instrumentalities could infringe.  *MasterObjects*, 2021 WL 4685306, at \*4 ("the operative pleading fails to explain how citations to the '024 publication can give rise to [defendant's] knowledge that the instrumentalities-at-issue infringe the '024 patent").  Indeed, this District has explained that even a pre-suit letter that expressly "lists the Asserted Patents but does not identify any accused products" fails to plausibly establish knowledge of infringement." *Kolon*, 2024 WL 4800498, at \*3.  iCashe "alleges no facts that indicate how or why Google would have known that its conduct amounted to infringement."  *CTD*, 688 F. Supp. 3d at 504.  That is dispositive.

### D.      iCashe Fails to Plausibly Plead Specific Intent to Induce Infringement

iCashe's induced infringement claim independently fails because there is no plausible allegation that Google acted with the specific intent to encourage another's infringement.  As the

11

Supreme Court has explained, "the necessary inducement must be 'clear' to the relevant audience and 'affirmative.'" *Hikma*, 146 S. Ct. 1391, 1401. Thus, "general references . . . without identifying any specific statements or materials in support, are not enough." *Network Sys. Techs., LLC v. Qualcomm Inc.*, No. 1:22-cv-01331, 2023 WL 11833572, at *11 (W.D. Tex. July 21, 2023). Specific intent requires plausible "evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities." *Monolithic Power Sys.*, 2021 WL 3931910, at *5. Here, iCashe fails to plausibly allege "how [Google] induced its customers to use the devices in a manner that would violate the [] patent." *Affinity Labs*, 2014 WL 12551207, at *6.

In particular, iCashe alleges that Google sells the Accused Instrumentalities to retailers and end users, "actively promotes" them, obtains regulatory approvals, and provides "instruction and direction to end users . . . about how to use" them. Compl. ¶¶ 38–41, 54–59, 70–75, 86–91, 102–107, 118–123. But "general references to a purported infringer's website, without identifying any specific statements or materials in support, are not enough," and "[n]either are instructions directing customers to engage in an allegedly infringing use of the patent." *Network Sys.*, 2023 WL 11833572, at *11; *see also U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*, No. 6:12-CV-366 MHS-JDL, 2013 WL 8482270 (E.D. Tex. Mar. 6, 2013) (allegations that defendant "'supplies' infringing systems and components and provides 'instructions' to its customers who allegedly infringe do not create a reasonable inference of inducement").

iCashe does not identify any Google statement, advertisement, or instruction that allegedly directs third parties to use the Accused Instrumentalities in an infringing manner. Nor does iCashe explain how any such instruction would cause the recited claim limitations to be practiced—let alone that Google intends to bring about the inducement. *See Affinity Labs*, 2014 WL 12551207,

at *6.  Indeed, iCashe's reliance on allegations made "on information and belief," (Compl. ¶¶ 38, 40, 56, 72, 88, 104, 120), underscores that deficiency, because it "could be copied and pasted into every complaint as nothing in the allegation is germane to the facts, or lack thereof, in this case." *GreatGigz Sols., LLC v. Freelancer Ltd.*, No. 6:20-CV-00738-ADA, 2022 WL 22860429, at *7 (W.D. Tex. July 1, 2022).  iCashe's failure to plausibly allege any culpable conduct "directed to encouraging another's infringement" defeats its inducement claim.  *Monolithic Power Sys.*, 2021 WL 3931910, at *5.

## V.    CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court dismiss iCashe's claims for (1) pre-suit willful infringement and enhanced damages and (2) pre-suit induced infringement.

Dated: July 17, 2026

Respectfully submitted,

POTTER MINTON, P.C.

By: */s/ Shaun W. Hassett*
Shaun W. Hassett (Bar No. 24074372)
Michael E. Jones (Bar No. 10929400)
102 North College, Suite 900
Tyler, TX 75702
Telephone: (903) 597-8311
Email: shaunhassett@potterminton.com
Email: mikejones@potterminton.com

Sami Al-Marzoog (*pro hac vice* pending)
Steven Peters (*pro hac vice* pending)
Lucas Lonergan (*pro hac vice* pending) CLEARY
GOTTLIEB STEEN HAMILTON, LLP 2112
Pennsylvania Avenue, N.W.
Washington, D.C. 20037
Telephone: (202) 974-1500
Facsimile: (202) 974-1999
Email: salmarzoog@cgsh.com
Email: speters@cgsh.com
Email: llonergan@cgsh.com

Clement Naples (*pro hac vice* pending) Katherine
Lynch (*pro hac vice* pending) CLEARY
GOTTLIEB STEEN HAMILTON, LLP One
Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999
Email: cnaples@cgsh.com
Email: kalynch@cgsh.com

Gregory K. Sobolski (*pro hac vice* pending)
Thomas W. Yeh (*pro hac vice* pending)
Fan Chen (*pro hac vice* pending)
CLEARY GOTTLIEB STEEN HAMILTON, LLP
650 California Street, Suite 2400
San Francisco, CA 94108

14

Telephone: (415) 796-4400
Facsimile: (415) 796-4499
Email: gsobolski@cgsh.com
Email: tyeh@cgsh.com
Email: fachen@cgsh.com

*Counsel for Defendant Google LLC*

15